Margaret F. Cox, Appellant, v. Mills D. Dewey, Appellee.

Gen. No. 8,979.

552

Opinion filed December 5, 1935.

HAMILTON, BLACK & KLATT, of Peoria, for appellant;
L. M. BURKEY, of Toulon, W. J. BLACK and D. C.
McCARTHY, of Peoria, of counsel.

F. B. BRIAN, of Toulon, and HARRY C. HEYL, of
Peoria, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is an action brought by appellant against appellee for money had and received, wherein it is alleged that on March 16, 1929, appellant appointed appellee her agent to hold certain money for her, which was to be returned by appellee upon her request. Appellant alleges the request for payment and failure of appellee to pay. At the close of the plaintiff's evidence, the court instructed the jury, on motion of defendant, to find the issues for the defendant. The action of the court in this respect was based upon evidence disclosing that the agreement or contract alleged by plaintiff

to have existed as between herself and appellee, was an illegal contract and unenforceable at law.

The appellant was a resident of Peoria county, Illinois, living near the village of Laura, where she had lived practically her entire lifetime. Her husband died in the month of August, 1928, leaving several thousand dollars in life insurance, payable to appellant. Appellant was indebted to the Laura bank, which indebtedness was reduced to a judgment. She had paid this bank part of the insurance money, as well as turning over certain other property. She states, "I paid and paid out of my insurance money until it was gone down to about a third, and I could commence to see then that I wasn't going to have a cent left, and that's when I went to Mills Dewey and talked to him." The evidence of appellant discloses that the purpose of her negotiations with appellee was to avoid the payment of indebtedness. It appears that she never at any time had the money on deposit in her own name. She first placed the same in a bank at Wyoming in the name of her brothers-in-law, Cox brothers. The money was next turned over to James Colgan, another brother-in-law. Finally, in the month of March, 1929, she arranged with appellee to turn the money over to him. Subsequently, she moved to the State of Michigan, and from there moved to the State of Nebraska. During such time she received small payments of money from time to time from appellee. Prior to the bringing of this suit she returned to Peoria county and was living with a son, where she states, she was "hid away." We do not believe any further or more detailed discussion of the evidence would serve any good purpose. We have examined same fully and are satisfied with the action of the trial court thereon.

Courts owe it to public justice and to their own integrity to refuse to become parties to contracts essentially violating morality or public policy, by entertain-

ing actions upon them. It is a judicial duty to turn a suitor upon such a contract out of court, whenever and however the purpose and character of the contract is made to appear. *Crichfield v. Bermudez Asphalt Paving Co.,* 174 Ill. 466, 484. It has consistently been held that where a transaction is tainted with fraud, as between the parties to it, a court will not .assist either but will leave the parties in the position in which they have placed themselves. *Miller v. Marckle,* 21 Ill. 152. In the case of *Brady v. Huber,* 197 Ill. 291, and at page 296 of the opinion, the following statement is made: "It is a rule having universal recognition that though creditors of a fraudulent grantor may invoke the aid of the courts to have a conveyance made for the purpose of hindering and delaying them in the collection of their demands declared inoperative as against their rights and interests, the law will not provide a remedy which either of the guilty parties, if *in pari delicto,* can avail of against the other, either to disturb or enforce the conveyance." Whatever parties to an action have executed for fraudulent or illegal purposes, the law will refuse to lend its aid to enable either party to disturb, and whatever the parties have fraudulently or illegally contracted to execute, the law will refuse to enforce such contract, and in both cases will leave the parties where it finds them. *Kirkpatrick v. Clark,* 132 Ill. 342, 347, 348.

The judgment of the trial court is affirmed.

*Judgment affirmed.*