Charles H. Albers, Receiver of Phillip State Bank and Trust Company, Appellant, v. Continental Illinois Bank and Trust Company et al., Appellees.

Gen. No. 40,214.

Opinion filed October 10, 1938. Rehearing denied October 24, 1938.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellant; CHARLES E. LOY, of Chicago, of counsel.

JOHN O. REES, of Chicago, for certain appellee; PHILIP A. LOZOWICK, of Chicago, of counsel.

ARND, GAVIN & HANLEY, of Chicago, for certain other appellee; FREDERICK ARND, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, receiver of the Phillip State Bank and Trust Company, brought suit seeking damages for the conversion of securities which the Phillip bank pledged in escrow with the Continental Illinois Bank and Trust Company to secure the deposit of public funds of the defendants Joseph L. Gill, clerk of the municipal court of Chicago, and the Ridge Avenue Park District, a municipal corporation, with the Phillip bank; on motion of defendants the complaint was dismissed and judgment entered for defendants. Plaintiff appeals.

The defendant Continental, the pledge holder, did not enter its appearance or file any pleadings. By agreement of the attorneys no default was taken against defendant Continental pending final determination of this cause.

June 21, 1932, the Phillip bank was closed and a receiver appointed. On or about July 21, 1932, the Continental bank sold the pledged securities and the proceeds of the sale were disbursed by paying Gill the amount of his deposit with the Phillip bank, $10,000, and also the Park District, $1,542.40, and the surplus was paid to the receiver of the Phillip bank.

Plaintiff's theory is that the agreements for the deposit of the Phillip bank securities with the Continental bank were ultra vires, null and void (*People v. Wiersema State Bank,* 361 Ill. 75), which resulted in an unlawful preference in favor of Gill and the Park District and a fraud upon the other creditors of the Phillip bank; that the act of the Continental in selling the securities and paying the proceeds of the sale to Gill and the Park District was a conversion.

As a matter of history it might be said that when these agreements were made it was generally assumed to be lawful in Illinois for a bank to pledge its assets to secure deposit accounts, and custodians of public funds especially sought depositary banks wherein their funds might be deposited with safety. April 25, 1933, in the case of *Sneeden v. City of Marion,* 64 F. (2d) 721, the United States Circuit Court of Appeals held that such agreements were void, and this was affirmed by the Supreme Court of the United States on February 5, 1934, in 291 U. S. 262. Our own Supreme Court held to the same effect on June 14, 1935, in the *Wiersema* case, above cited.

Defendants say that the Phillip bank and the defendants, with reference to the agreement for the deposit of securities, were in *pari delicto;* that the receiver stands in the shoes of the Phillip bank and has no greater rights than it had, to which plaintiff properly replies that the rule of in *pari delicto* cannot be applied to a bank receiver, an administrative officer of the State with rights, powers and duties prescribed by section 11 of the Illinois Banking Act. Ill. Rev. Stat. 1937, ch. 16½ [Jones Ill. Stats. Ann. 10.01 *et seq.*]. Plaintiff cites a number of supporting cases. *German-American Finance Corp. v. Merchants & Manufacturers State Bank,* 177 Minn. 529, 535; *Camerer v. California Sav. & Commercial Bank,* 4 Cal. (2d) 159, 170, 171, and the *Sneeden* and *Wiersema* cases.

The instant agreement had been fully executed, the securities sold and the proceeds distributed nearly five years before the instant suit was commenced. Defendants invoke the general rule that where an agreement is fully performed and executed the law will refuse to disturb the transaction and will leave the parties where it found them. Fletcher, Cyclopedia Corporations, vol. 7, sec. 3497, p. 652. It is not necessary for a decision in this case to pass upon this point, but in Gen. No. 40,215, 296 Ill. App. 596, we have followed *Baldwin v. Chase Nat. Bank of N. Y.*, 16 F. Supp. 918, 922, which holds that the complete want of power to make the pledge in the first instance carried with it an incapacity to authorize a sale by anyone for the purpose of executing the transaction.

However this may be, clearly plaintiff's cause of action is barred by the statute of limitations, which provides that such actions shall be commenced within five years next after the cause of action accrued. Ill. Rev. Stat. 1937, ch. 83, par. 16, sec. 15 [Jones Ill. Stats. Ann. 107.275]. The securities in question to secure the Park District deposit were deposited with the Continental bank October 5, 1931; the Gill agreement was June 15, 1931. The right of action to recover these securities accrued on the dates these securities were thus wrongfully deposited. The instant suit was commenced May 9, 1937, or after the statutory period of five years had expired.

Plaintiff says that no action accrued until after a receiver had been appointed and until the receiver made a demand for the return of the securities. Under the decisions the act of the Continental bank in receiving the securities for the purposes stated was wrongful from the beginning. It is elementary that where possession of property is wrongful an action to recover the same arises at once and no demand is necessary before bringing suit. *Watkins v. Madison County Trust & Deposit Co.*, 24 F. (2d) 370; *Katt v. Chapman,*

248 Ill. App. 12, 16, 17; *Knapp v. Greene*, 29 N. Y. S. 350; *Morrison's Admr. v. Mullin*, 34 Pa. 12. The statute of limitations is a complete bar to plaintiff's action.

We are of the opinion that the trial court properly dismissed plaintiff's complaint and the judgment is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.