Charles H. Albers, Receiver of Devon Trust and Savings Bank, Appellant, v. Continental Illinois Bank and Trust Company and Forest Preserve District of Cook County, Appellees.

**Gen. No 40,215.**

Opinion filed October 10, 1938.
Rehearing denied October 24, 1938.

MARKMAN, DONOVAN & SULLIVAN, of Chicago, for appellant; CHARLES E. LOY, of Chicago, of counsel.

GEORGE A. BASTA and HERBERT C. PASCHEN, both of Chicago, for certain appellee; HERBERT C. PASCHEN, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This case is similar to Gen. No. 40,214, 296 Ill. App. 592, in which we have this day handed down an opinion. Many of the points made appear in both cases.

By this suit plaintiff sought damages for the alleged conversion of certain bonds or securities which the Devon Trust and Savings Bank had deposited with the Continental Illinois Bank and Trust Company as collateral security for the deposits of the Forest Preserve District of Cook County, Illinois, with the Devon bank;

on motion by the Forest District the complaint was dismissed and plaintiff appeals.

In this as in the companion case, the Continental for convenience did not enter its appearance or file any pleadings, and by agreement no default was taken against it pending the final determination of the case.

Devon and Continental were both Illinois banking corporations and the Forest District a municipal corporation; Devon was closed July 18, 1932, and the plaintiff receiver appointed; at that time the Forest District had on deposit in Devon $29,623.73; the Devon prior to its closing had pledged with the Continental securities to secure the deposit of the Forest District; on or about August 15, 1932, the Continental turned over to the Forest District $9,000 of the bonds theretofore deposited with it and sold the balance of the pledged securities and paid to the Forest District the amount of its deposit less $9,000 for the bonds, and the balance of the proceeds was credited to the Devon bank; subsequently, on June 15, 1937, plaintiff brought this suit.

Although it seems to have been conceded in the other suit (and we so held) that the agreement under which the securities were pledged to secure deposits was ultra vires and void, yet in the instant case defendant Forest District asserts to the contrary, citing certain cases holding that such agreements are in accord with public policy. See *In re Bank of Spencerport*, 255 N. Y. S. 482, and Zollman on Banks and Banking, Vol. 5, sec. 3271, p. 265. However, our own Supreme Court has decided that such contracts are void. *People v. Wiersema State Bank*, 361 Ill. 75. See also *City of Marion v. Sneeden*, 291 U. S. 262. This question may therefore be considered as settled in this State.

Defendant says that under section 8 of the Business Corporation Act plaintiff is prohibited from asserting

that the agreement is ultra vires. It may be answered briefly by noting that this act does not apply to banking corporations. Ill. Rev. Stat. 1937, ch. 32, par. 157.3 [Jones Ill. Stats. Ann. 32.003].

We have already held in Gen. No. 40,214 that plaintiff, a receiver collecting assets for the benefit of creditors, cannot be held in *pari delicto* as to any wrongful acts of the bank and that the defense of *pari delicto* is unavailing against a receiver, although it may have been available against the bank itself. *German-American Finance Corp. v. Merchants & Manufacturers State Bank,* 177 Minn. 529, 535; *Camerer v. California Sav. & Commercial Bank,* 4 Cal. (2d) 159, 170, 171; and *City of Fort Worth v. McCamey,* 93 F. (2d) 964, 968. In the *Wiersema* case, above cited, it was held that the receiver had a right to recover the pledged assets made under a pledge which was ultra vires. See also *Cox v. Dewey,* 282 Ill. App. 551, 554, where it was said that creditors may invoke the aid of the courts to have a conveyance made for the purpose of hindering them declared inoperative and that the defense of in *pari delicto* cannot avail either of the guilty parties.

Defendant in this case, as in the companion case, notes that the securities were sold by the Continental bank, and the Forest District, for whose benefit they were pledged, was paid in full and the surplus turned over to the Devon bank. A large number of cases may be cited supporting the general proposition that where agreements, although ultra vires, have been fully executed and consummated, neither party can rescind and maintain an action against the other. *Genslinger v. New Illinois Athletic Club of Chicago,* 252 Ill. App. 298, 310, and a number of Illinois cases there cited.

Plaintiff argues for an exception to this general rule which prevails when a receiver of a closed bank is seeking to recover assets for the benefit of creditors.

Apparently supporting this view is an expression in the opinion in the *Wiersema* case where in speaking of a contract like the instant one, wholly void and of no legal effect, the court said: "No performance by the parties can give it validity or become the foundation of any right of action upon it. Neither party is estopped by assenting to it or by acting upon it to show that it was prohibited." 361 Ill. 75, 94. See also *City of Fort Worth v. McCamey, supra,* and *Redfield Independent School Dist. No. 20 v. Schnetzer,* 94 F. (2d) 257. In *Baldwin v. Chase Nat. Bank of N. Y.,* 16 Fed. Supp. 918, 922, the secretary of war, acting for the government of the Philippine Islands, opened a deposit account in the Commercial National Bank of Washington; to secure this account the bank turned over to the Bureau of Insular Affairs of the War Department certain bonds; the Commercial bank closed, the securities were sold and the proceeds deposited with the Chase National Bank to the credit of the treasurer of the Philippine Islands; Baldwin, the receiver of the Commercial bank, sued the Chase bank for the recovery of this money; the Chase bank contended that the plaintiff could not recover because the transaction was completed. The court held to the contrary, saying, among other things: "The complete want of power to make the pledge carried with it an incapacity to authorize a sale by any one for the purpose of 'executing' the transaction. Nor could the act of the Secretary of War—an act which the bank was powerless to authorize—in attempting to execute the contract by selling the securities, create in him the authority he lacked. An abortive effort to make an agreement cannot transform the attempt into an accomplished fact."

The rule that a contract once executed may not be rescinded by either of the parties is based upon the rule of *pari delicto.* In such a case the law will aid

neither party to recover anything. But this rule does not obtain where the attempt to recover is made by a receiver not in *pari delicto*. There is point in the suggestion by plaintiff's counsel that if there were no such exception to the general rule encouragement would be lent to unscrupulous persons to make conveyances or transfers in defraud of creditors, and the appointment of receivers in ordinary bankruptcy cases would avail them nothing.

The agreement between the Devon and Continental banks was made April 15, 1932; the first securities were deposited with the Continental bank on that date and all of them on or prior to June 10, 1932, with the exception of $3,000 Forest Preserve District bonds, which were deposited June 16, 1932. This complaint was filed June 15, 1937, or more than five years after the deposit of all the securities save the last mentioned of $3,000 which was made one day less than five years prior to the bringing of the suit. As we have held in the companion case, the statute began to run from the day of the agreement; it being wrongful at the start, the right of action at once accrued and no subsequent demand or refusal was necessary. *Watkins v. Madison County Trust & Deposit Co.*, 24 F. (2d) 370. It follows, therefore, that the claim, except as to the $3,000 item, was barred by the statute of limitations. In all other respects the judgment order was proper.

For the reason indicated the judgment is affirmed in part and reversed in part and the cause is remanded.

*Affirmed in part, reversed in part and remanded.*

MATCHETT and O'CONNOR, JJ., concur.