# Illinois Official Reports

## Appellate Court

---

*Nicholson v. Shapiro & Associates, LLC*, 2017 IL App (1st) 162551

---

Appellate Court
Caption

JILL NICHOLSON, as Court-Appointed Receiver of Illinois Stock Transfer Company, d/b/a IST Shareholder Services, Plaintiff-Appellee, v. SHAPIRO & ASSOCIATES, LLC, an Illinois Limited Liability Company; and FREIRECH & SHAPIRO, LLC, an Illinois Limited Liability Partnership, Defendants (Shapiro & Associates, LLC, Defendant-Appellant).

District & No.

First District, Sixth Division
Docket No. 1-16-2551

Filed

August 11, 2017

Decision Under
Review

Appeal from the Circuit Court of Cook County, No. 15-L-12911; the Hon. Raymond W. Mitchell, Judge, presiding.

Judgment

Certified questions answered.

Counsel on
Appeal

Kaplan, Papadakis & Gournis, P.C., of Chicago (Eric D. Kaplan, Christopher S. Wunder, and Stacie E. Barhorst, of counsel), for appellant.

Tressler, LLP, of Chicago (Kenneth M. Sullivan and Michael K. McDonough, of counsel), for appellee.

| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion. |
| --- | --- |
| | Justices Rochford and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1 This is an interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016). We address the following two certified questions for our review: (1) "Under Illinois law, does the doctrine of *in pari delicto* bar a court-appointed [Securities and Exchange Commission (SEC)] receiver from bringing suit on behalf of a company against the company's outside auditor for allegedly failing to discover the fraud and/or illegal acts of the company's sole owner?" and (2) "Under Illinois law, does the departure of the fraudulent actor prevent the application of the *in pari delicto* defense to a court-appointed SEC receiver's claim against the company's outside auditor?" For the reasons that follow, we answer the first certified question in the negative and the second certified question in the affirmative.

¶ 2 The certified questions arise out of an action commenced by plaintiff-appellee, Jill Nicholson, solely in her capacity as court-appointed receiver of Illinois Stock Transfer Company, against defendant-appellant, Shapiro & Associates (Shapiro).

¶ 3 Shapiro, an accounting firm, was retained by Illinois Stock Transfer Company (IST), an Illinois corporation, for the purposes of assisting IST with its tax returns, preparing timely accountant's reports, and conducting annual audits of IST as required by regulations promulgated under the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.* (2012)). See 17 C.F.R. § 240.17Ad-13 (2016). IST was a stock transfer agent registered with and governed by the SEC. After discovering that IST's president and sole shareholder, Robert Pearson, was fraudulently converting client funds into payroll for IST, the SEC filed an action against Pearson and IST in the United States District Court for the Northern District of Illinois. United States Securities & Exchange Comm'n v. Pearson, No. 14-cv-3785 (N.D. Ill.).[1] Pearson was removed from IST, and the same day, the receiver was appointed by the federal district court for the estates of both IST and Pearson. The order appointing the receiver authorized her to bring legal actions in law or equity in any state, federal, or foreign court as necessary or appropriate.

¶ 4 The receiver filed a complaint against Shapiro in the circuit court of Cook County alleging accounting malpractice, breach of contract, and aiding and abetting the fraudulent acts committed by Pearson.[2]

¶ 5 Shapiro filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)), arguing, in part, that the doctrine of *in pari delicto* should be imputed to the receiver, barring her from bringing claims against

---

[1]This is a separate action in federal court, and neither IST nor Pearson is a party to this appeal.

[2]Freirech & Shapiro, LLC (F&S), a separate limited-liability partnership, was also named as a defendant in the complaint. IST retained F&S to conduct annual audits prior to retaining Shapiro. F&S is not a party to this appeal.

Shapiro for Pearson's fraudulent acts.[3] The trial court denied Shapiro's motion, stating, "Because any award would benefit the defrauded investors and creditors of [IST] rather than Pearson, the wrongdoer would not personally profit from his wrongdoing. Therefore the doctrine of *in pari delicto* does not bar [the receiver's] claims ***."

¶ 6        Shapiro filed a motion for certification pursuant to Rule 308 of the two questions which are set forth in paragraph 1 above. The trial court granted the motion, and Shapiro filed a timely application for leave to appeal. We granted the application.

¶ 7        As this is an appeal pursuant to Rule 308, our review is limited to the certified questions, which we review *de novo* as a question of law. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 57-58 (2007). We note that some of Shapiro's arguments relate to the merits of the receiver's complaint and are not relevant to the two certified questions before us. Therefore, we will not address those other issues. See *Lewis v. NL Industries, Inc.*, 2013 IL App (1st) 122080, ¶ 5.

¶ 8        We begin by reviewing the first certified question: "Under Illinois law, does the doctrine of *in pari delicto* bar a court-appointed SEC receiver from bringing suit on behalf of a company against the company's outside auditor for allegedly failing to discover the fraud and/or illegal acts of the company's sole owner?"

¶ 9        Shapiro urges us to answer this question in the affirmative. Shapiro argues that if IST had filed this action against Shapiro, *in pari delicto* would apply because IST benefited from the fraudulently obtained funds being diverted to its payroll. Shapiro contends that, because the receiver filed this action on behalf of IST, *in pari delicto* should be imputed against her. We disagree.

¶ 10        The phrase "*in pari delicto*" means " '[e]qually at fault.' " *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 34 (2005) (quoting Black's Law Dictionary 806 (8th ed. 2004)). The doctrine of *in pari delicto* embodies the principle that " 'a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing.' " *Id.* (quoting Black's Law Dictionary 806 (8th ed. 2004)).

¶ 11        In arguing that the receiver is barred from bringing her claims pursuant to the doctrine of *in pari delicto*, Shapiro directs us to many cases from the federal courts and other state courts. While we may look to other jurisdictions for guidance, we are not bound by their decisions. *People v. Sito*, 2013 IL App (1st) 110707, ¶ 21 (citing *Independent Trust Corp. v. Kansas Bankers Surety Co.*, 2011 IL App (1st) 093294, ¶ 24). There are two Illinois cases informing our analysis as to the first certified question: *Albers v. Continental Illinois Bank & Trust Co.*, 296 Ill. App. 592 (1938), and *McRaith v. BDO Seidman, LLP*, 391 Ill. App. 3d 565 (2009).

¶ 12        In *Albers*, this court rejected the defendants' argument that the court-appointed bank receiver stood in the same shoes as the bank and was, therefore, barred from bringing claims by reason of being *in pari delicto*. *Albers*, 296 Ill. App. at 594. And in *McRaith*, this court held that *in pari delicto* does not apply to a court-appointed liquidator. *McRaith*, 391 Ill. App. 3d at 595. There, we stated, "the *in pari delicto* doctrine cannot apply because the Liquidator, by statutory definition, is not the wrongdoer; rather, he serves to protect the insurance industry and the public interest by ensuring the victims of the misconduct can recover monies entitled to them. To equate the Liquidator with [the wrongdoer] under *in pari delicto* is illogical and

---

[3]Shapiro filed its motion to dismiss jointly with F&S. Again, F&S is not a party to this appeal.

unavailing." *Id.* Thus, in both *Albers* and *McRaith*, this court focused on the fact that the plaintiffs were not the wrongdoers but were instead administrative officers of the state, with rights, powers, and duties conferred by statute.

¶ 13     Shapiro attempts to distinguish both these cases from the instant matter by claiming that *Albers* and *McRaith* are limited to their particular circumstances. Specifically, Shapiro claims that these decisions were only relevant to a bank receiver under the Illinois Banking Act or an insurance liquidator under the Illinois Insurance Code and that the holdings are not relevant to an SEC receiver.

¶ 14     We reject Shapiro's attempt to distinguish *Albers* and *McRaith*, whose rationale applies equally here. Those cases held that *in pari delicto* does not apply when a plaintiff is not the wrongdoer and has the statutory authority to bring legal action on behalf of creditors and other victims. Here, the receiver had the power to bring legal action in federal, state, or foreign courts pursuant to her order of appointment. And the receiver's authority originates in section 754 of the United States Code (28 U.S.C. § 754 (2012)). Like the plaintiffs in *Albers* and *McRaith*, the receiver is not the wrongdoer but is an administrative officer of the state, with rights, powers, and duties conferred by statute, who is seeking damages on behalf of IST's creditors and defrauded clients. Accordingly, we conclude the doctrine of *in pari delicto* does not bar a court-appointed SEC receiver from bringing suit on behalf of a company against the company's outside auditor for allegedly failing to discover the fraud and/or illegal acts of the company's sole owner. Thus, we answer the first certified question in the negative.

¶ 15     We next review the second certified question: "Under Illinois law, does the departure of the fraudulent actor prevent the application of the *in pari delicto* defense to a court-appointed SEC receiver's claim against the company's outside auditor?"

¶ 16     Shapiro urges us to answer this question in the negative, arguing that the departure of the wrongdoer is of little importance on the claim by the receiver. Shapiro asserts that a plaintiff's right to file a claim should not depend on whether the wrongdoer is still with the company.

¶ 17     The *in pari delicto* defense " 'loses its sting' " once the person who is in *in pari delicto* is removed. *McRaith*, 391 Ill. App. 3d at 595 (quoting *In re Edgewater Medical Center*, 332 B.R. 166, 177 (Bankr. N.D. Ill. 2005)). *In pari delicto* keeps the wrongdoer from profiting from his wrong, and that reason does not exist once the wrongdoer is gone. *Scholes v. Lehmann*, 56 F.3d 750, 754 (7th Cir. 1995).

¶ 18     Given our analysis of the first certified question, it necessarily follows that, once the wrongdoer is removed and replaced by a receiver, *in pari delicto* does not apply. Applying *in pari delicto* after the wrongdoer is gone and can no longer profit from his alleged misconduct would undermine the equitable defense of *in pari delicto*. Further, allowing *in pari delicto* to be asserted after a receiver is appointed would hinder the receiver's efforts to obtain compensation for defrauded victims. Accordingly, the departure of the fraudulent actor does prevent the application of the *in pari delicto* defense to a court-appointed SEC receiver's claim against the company's outside auditor. Thus, we answer the second certified question in the affirmative.

¶ 19     Certified questions answered.